UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                              :
KATAWN OMDU TAPP,                             :      CASE NO. 1:17-CV-904
                                              :
            Plaintiff,                        :
                                              :
vs.                                           :      OPINION & ORDER
                                              :
PAINESVILLE MUNICIPAL                         :
COURT *et al.*,                               :
                                              :
                                              :
            Defendants.                       :
                                              :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Katawn Omdu Tapp has filed *an informa pauperis* civil rights prisoner complaint in this action pursuant to 42 U.S.C. § 1983 against the Painesville Municipal Court, the Lake County Sheriff's Office, the Lake County Court of Common Pleas, and a Public Defender in the Lake County Prosecutor's Office. (Doc. No. 1.)

He alleges civil rights violations in connection with a state criminal case against him. He alleges his rights were violated during his probable cause hearing in the Painesville Municipal Court, and that his counsel, a public defender, failed to properly represented him in the criminal case, including by failing to properly raise speedy trial concerns. He seeks compensatory and punitive damages, including "monetary compensation" and "to be immediately released." (*Id*. at 5.) For the reasons stated below, his complaint is dismissed.

**Standard of Review and Analysis**

When a plaintiff is proceeding without the assistance of counsel, a court is required to construe his complaint indulgently and hold it to a less stringent standard than a formal pleading drafted by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Nonetheless, even a *pro se* plaintiff must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Further, federal district courts are expressly required, under 28 U.S.C. §1915A, to screen all actions in which "a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity," and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915A; *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

The plaintiff's complaint must be dismissed pursuant to § 1915A because, even liberally construed, it fails to allege any plausible civil rights claim under § 1983.

First, his complaint fails to state a cognizable claim under § 1983 to the extent he seeks immediate release from prison. The Supreme Court has clearly held that "[w]hen a state prisoner challenges the very fact or duration of his physical imprisonment, . . . his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Second, because he asserts rights violations that would call into question the validity of the state criminal proceeding against him, he may not assert a claim for damages under § 1983 absent allegations that the state criminal proceeding terminated in his favor, or that a conviction stemming from the rights violations he asserts, was reversed on direct appeal, expunged by

executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). *See also Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004); *Gorenc v. City of Westland*, 72 F. App'x 336, 339 (6th Cir. 2003) (holding that *Heck* applies to pretrial detainees and in pre-conviction situations).

Because the plaintiff's complaint does not set forth the allegations required under *Heck*, the plaintiff has failed to allege any cognizable damages claim.

Finally, the public defender appointed to represent the plaintiff in his criminal case cannot be sued under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

**Conclusion**

For all the foregoing reasons, the plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: August 28, 2017    *s/    James S. Gwin*
　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE